UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| RADISSON HOTELS INTERNATIONAL, INC., a Delaware corporation, | ) ) ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| KAANAM, LLC, a New York limited liability company, and MILIND K. OZA, an individual, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Radisson Hotels International, Inc., for its complaint against Defendants KaanAm, LLC and Milind K. Oza, alleges as follows:

## THE PARTIES

1.      Plaintiff Radisson Hotels International, Inc. ("Radisson") is a corporation organized under the laws of the state of Delaware with its principal place of business located at 701 Carlson Parkway, Minnetonka, Minnesota.

2.      Radisson is a well-known licensor of quality guest lodging systems, including Radisson Hotels & Resorts®.  Currently, over 400 Radisson Hotels & Resorts® guest lodging facilities exist and operate throughout the United States and abroad.  Each Radisson guest lodging facility exists and operates either under direct management by Radisson's affiliate or wholly owned subsidiary or under a franchise or

license agreement pursuant to which Radisson exerts certain controls to assure protection of the Radisson trade name, trademarks and service marks.

3.      Upon information and belief, Defendant KaanAm LLC ("KaanAm") is a New York limited liability company doing business in New York with its principal place of business located at 150 West Fourth Street, Jamestown, New York.  KaanAm is in the business of owning, operating and managing hotel properties.

4.      Upon information and belief, Defendant Milind K. Oza ("Oza") is a natural person and a citizen of the state of Maryland, residing in Bethesda, Maryland, and a member and/or managing member of Defendant KaanAm.

## BRIEF SUMMARY OF THE ACTION

5.      Plaintiff Radisson is a well-known licensor of quality guest lodging systems.  Defendants Oza and KaanAm Properties, Inc. own, operate or manage hotel properties.

6.      Pursuant to a written license agreement with Radisson, effective October 22, 2007, KaanAm was granted the right to renovate and operate a guest lodging facility at 150 West Fourth Street, Jamestown, New York as a Radisson® Hotel class System Hotel (the "Hotel").

7.      Oza is responsible for KaanAm's obligations under the License Agreement pursuant to the Personal Guaranty of License Agreement he executed on or about October 17, 2007.

8.      Pursuant to the terms of the License Agreement, KaanAm was required to pay Radisson certain recurring fees, including royalty, marketing, and reservation fees and to operate the Hotel pursuant to certain system standards prescribed by Radisson.

9.      KaanAm breached its obligations to pay recurring fees under the License Agreement, and was given written notice to cure such monetary defaults.  Ultimately, KaanAm failed to cure these monetary defaults despite Radisson's grant of an extension to the cure deadline.

10.     Due to KaanAm's failure to cure these monetary defaults, the License Agreement was terminated effective January 8, 2009.

11.     Upon termination of the License Agreement, KaanAm and Oza were required to pay Radisson all amounts due and owing under the License Agreement, including liquidated damages.

12.     To date, despite repeated demands from Radisson, KaanAm and Oza have failed to pay any of the amounts due to Radisson pursuant to the License Agreement and the Personal Guaranty of License Agreement.

13.     Pursuant to the terms of the License Agreement and the Personal Guaranty of License Agreement, KaanAm and Oza agreed that all claims arising out of or related to the License Agreement would be commenced, filed and litigated before a Court of competent jurisdiction in Hennepin County, Minnesota.  KaanAm and Oza also agreed to submit to the jurisdiction of this Court in the event of such litigation.

## JURISDICTION AND VENUE

14.     This action primarily involves breach of contract, *i.e.*, the License Agreement (as amended) between Radisson and KaanAm.

15.     This Court has jurisdiction pursuant to §§ 28 U.S.C. §§ 1332 and 1367(a). The amount in controversy exceeds $75,000, exclusive of interest and costs.

16.     Venue is proper in this District under 28 U.S.C. § 1391 and the forum selection clause of the License Agreement.

17.     The Court has *in personam* jurisdiction over Defendants because Defendants consented to the jurisdiction of this Court pursuant to the terms of the License Agreement and the Guaranty and because the events giving rise to the claims herein occurred in this District.

## BACKGROUND FACTS

### The Radisson Hotels and Resorts® Trademarks and Franchise System

18.     Radisson licenses a system for the operation of various types of hotels ("System Hotels") employing a proprietary and distinctive system (the "System") described in detail in the Radisson License Agreement and franchise disclosure documents. The System, developed and owned by Radisson, as modified by Radisson from time to time, is a system for the construction or renovation and operation of System Hotels of a distinctive character, including the Marks that identify System Hotels' affiliation with the System, the Confidential and Proprietary System Information, the Operating Manual, and all good will associated with the System. Specifically, the

System is identified by the name Radisson Hotels & Resorts® and certain other trademarks owned by Radisson (the "Radisson® Marks").

19.    Radisson has franchised and licensed persons to use the Radisson® Marks. Such Radisson® Marks include, but are not limited to, the following which are incontestable under 15 U.S.C. § 1065:

RADISSON®, U.S. Reg. No.920,862; and

RADISSON HOTELS INTERNATIONAL®, U.S. Reg. No.1,516,770.

20.    Radisson has spent large sums of money advertising and promoting its Radisson® Marks throughout the United States, including the State of New York.

21.    As a result of the efforts and expenditures of Radisson, the name Radisson® has become associated in the minds of the consumer public with hotels of consistently high quality, operated by persons following substantially similar operating methods and procedures.

### The Radisson® License Agreement and the Personal Guaranty

22.    On or about October 22, 2007, Radisson entered into a written license agreement with KaanAm for a term ending on December 31, 2027, granting KaanAm a non-exclusive license to renovate and operate a hotel in compliance with the License Agreement and the Radisson Business System to be located at 150 West Fourth Street, Jamestown, New York (the "Hotel"). The Hotel was required to be a Hotel class System Hotel with no less than 146 guestrooms available for rental to guests. A true and correct copy of the License Agreement is attached hereto as Exhibit A.

23.     On or about October 17, 2007, Oza entered into a Personal Guaranty of License Agreement (the "Guaranty") through which he guaranteed to Radisson that he would make full and prompt payment to Radisson of all amounts due or payable to Radisson under the License Agreement, and that upon termination of the License Agreement, he would timely perform all post-termination obligations required of KaanAm. Oza also acknowledged that Sections 25.3 (Governing Law), 25.4 (Venue and Jurisdiction), and 25.13 (Attorneys' Fees) apply to him and the Guaranty. A true and correct copy of the Guaranty is attached hereto as Exhibit B.

24.     On or about November 5, 2008, the parties entered into a written First Amendment to License Agreement amending Section 20.3, "Transfers by Licensee" ("First Amendment"). A true and correct copy of the First Amendment is attached hereto as Exhibit C.

25.     The License Agreement, among other things, granted KaanAm the right to the use of the Radisson® Marks and use of Radisson's proprietary reservation system for a period of 20 years. In exchange, the License Agreement required KaanAm to pay to Radisson certain fees over the term of the license, including an initial fee, royalty fees, reservation fees, and marketing contribution fees, etc. The License Agreement also required KaanAm to renovate, operate and maintain the Hotel according to certain standards specified therein.

26.     Article 5.2 of the License Agreement sets forth the Royalty Fee that KaanAm agreed to pay to Radisson, which, during Agreement Years 1 through 5 is equal to the greater of 5% of daily Gross Room Revenues or the Minimum Royalty Fee.

Beginning on the first day of Agreement Year 6 and continuing through the term of the Agreement, KaanAm agreed to pay Radisson a Royalty fee equal to 5% of daily Gross Room Revenue, with no Minimum Royalty Fee requirement.

27.     Article 5.3 of the License Agreement sets forth the Marketing Contribution that KaanAm agreed to pay Radisson, which is equal to 2% of Gross Room Revenue.

28.     Article 5.4 of the License Agreement sets forth the Reservation Fee that KaanAm agreed to pay to Radisson, which is equal to 2% of Gross Room Revenue.

29.     Article 5.5 of the License Agreement sets forth that KaanAm agrees to pay Radisson any fees assessed with respect to Marketing and System standards, programs and initiatives that exist now or in the future and are implemented generally for System Hotels.

30.     Article 5.7 of the License Agreement sets forth that KaanAm agrees to pay the Royalty Fee, the Marketing Contribution and the percentage portion of the Reservation Fee for each month within 15 days of the end of that month without invoice, and agrees to pay all other amounts due to Radisson within ten days after invoice or electronic notice by Radisson.

31.     Article 5.8 of the License Agreement sets forth that KaanAm agrees to pay Radisson interest on any amounts owed to Radisson that are past due at the lesser of one and one-half percent (1.5%) per month or the maximum rate of interest permitted by applicable law.

32.     Article 14.2 of the License Agreement sets forth that KaanAm agrees to periodically perform the Construction and Renovation needed to maintain the Hotel's compliance with the System.

33.     Article 17 of the License Agreement addresses Radisson's termination rights, including issues involving Licensee's default and ability to cure.

34.     Article 17.2 sets forth that KaanAm agrees that certain events of material default provide KaanAm with an opportunity to cure, *i.e.* failure to pay any past due fees or other amounts owed to Radisson or its affiliates, and that the effective date of termination is the expiration of the cure period stated in any notice of default without KaanAm having cured the default, or a later date as stated in any subsequent notice (subject to applicable state law).  Pursuant to section (a), in the case of failure to pay any past due fees owed to Radisson, the cure period is ten (10) days after receipt of the notice of default.

35.     Article 17.4 of the License Agreement sets forth that KaanAm agrees that should Radisson terminate the License Agreement for KaanAm's fault, the actual damages that Radisson would suffer for the loss of prospective fees and other amounts payable to Radisson under Article 5 of the License Agreement would be difficult if not impossible to ascertain, and thus KaanAm agrees to pay to Radisson as liquidated damages, and not as a penalty, a reasonable estimate of the probable damages that Radisson would suffer for the loss of prospective fees and other amounts payable as Royalty fees under Article 5.

36.     Article 17.5 of the License Agreement sets forth that KaanAm agrees that the liquidated damages are only in lieu of the actual damages Radisson would suffer under Article 5 as a result of the termination of the License Agreement, and that Radisson may also seek to recover from KaanAm all damages of every type and nature that Radisson sustains as a result of the termination, excluding amounts under Article 5.

37.     The amount of liquidated damages KaanAm owes Radisson under Article 17.4 of the License Agreement is calculated as five percent (5%) of the Hotel's daily Gross Room Sales for the immediately proceeding 12 months multiplied by two.

38.     Article 19.1 of the License Agreement sets forth KaanAm's obligations upon termination of the License Agreement, including the obligation to:

(a)     Pay all amounts due and owing to Radisson and its Affiliates, submit any missing Reports to Radisson or its Affiliates, and deposit with Radisson an amount reasonably estimated by Radisson that will be sufficient to cover the amounts that will become due and owing after the termination or expiration date, attributable to the period prior to such date.

(b)     Stop using the Marks and the System, stop Operating the Hotel as a System Hotel, and stop representing the Hotel to the public or holding it out as a System Hotel or a former System Hotel.  Licensee will accomplish this by, without limitation, removing, returning or destroying, as instructed by Radisson:  (i) the Operating Manuals, any Confidential and Proprietary System Information, Marketing Materials, and all other printed materials containing the Marks; (ii) all interior and exterior signs, OS&E, FF&E and other items containing the Marks; and (iii) anything else that might reasonably result in customers continuing to identify the Hotel as a System Hotel.  Licensee will cover up anything bearing the Marks or otherwise identified as being associated with the System that cannot reasonably be removed on or before the expiration or termination date, until it can be removed.

39.     Article 25.13 of the License Agreement states that "[a]ll reasonable and necessary costs and expenses, including attorneys' fees, incurred by Radisson or Licensee

in enforcing any provisions of this Agreement, or in defending against any Claims made against one by the other with respect to this Agreement, whether through injunctive relief or otherwise, will be paid to the prevailing party in such action by the other party."

40.     Article 25.3 of the License Agreement, <u>Governing Law</u>, states that "[t]he interpretation, validity and enforcement of this Agreement and the relationship between the parties is subject to and governed by the laws (statutory or otherwise) of the state in which the Hotel is located or to be located except those with respect to choice of law or conflict of law.  Licensee waives the rights and protections that are available through the franchise, business opportunity or any other laws of any state other than the state in which the Hotel is located."

41.     Article 25.4 of the License Agreement, <u>Venue and Jurisdiction</u>, states that "[e]xcept for injunctive relief sought by Radisson, which Radisson has the right to bring in a court of competent jurisdiction in the state where (i) Licensee resides or has its principal place of business, or (ii) the Hotel is located, all Claims arising out of or related to this Agreement in any way, must be commenced, filed and litigated before a court of competent jurisdiction located in Hennepin County, Minnesota.  Licensee submits to personal jurisdiction of the state and Federal courts in such county for such purpose."

## CONDUCT GIVING RISE TO VIOLATIONS OF LAW

**A.     KaanAm Defaults under the License Agreement**

42.     By written notice dated November 14, 2008, Radisson provided KaanAm with notice of default for its material breach of the License Agreement for failure to timely pay the monies owed to Radisson (the "monetary default").  A true and correct

copy of the Notice of Default is attached hereto and incorporated by reference as Exhibit D.

43.     Pursuant to the Notice of Default, KaanAm was advised that the cure period for such monetary default is ten (10) days after KaanAm's receipt of the notice.

44.     Pursuant to KaanAm's request, Radisson agreed to extend the cure period for the monetary default to December 31, 2008.   This agreement was confirmed by Radisson's December 5, 2008, written Extension of November 14, 2008 Notice of Default ("Extension of Default").   A true and correct copy of the Extension of Default is attached hereto and incorporated by reference as Exhibit E.

45.     KaanAm failed to take the necessary action to cure its monetary default by the revised December 31, 2008, deadline.

**B.     The License Agreement Terminated Effective January 8, 2009**

46.     By written Notice of Termination dated January 6, 2009, Radisson notified KaanAm that the License Agreement was terminated due to its failure to meet the cure requirements of the November 14, 2008, Notice of Default.   The Notice stated that the termination would be effective at 11:59 p.m., Central Time on January 8, 2009.   A true and correct copy of the Notice of Termination is attached hereto and incorporated by reference as Exhibit F.

47.     The Notice of Termination set forth KaanAm's obligations upon termination, including its obligation under Section 19.1 (a) to pay all amounts due and owing to Radisson, submit any missing reports to Radisson, and deposit with Radisson an amount reasonably estimated by Radisson to be sufficient to cover the amounts that will

become due and after the termination date, attributable to the period prior to such date. "As shown on the attached Account Statement, the total amount currently owed to Radisson by [KaanAm] is $86,782.34.   As shown on the attached estimated fees statement, the total amount that Radisson calculates that [KaanAm] will owe through the termination date, but has yet to be invoiced, is $9,916.00.   Therefore, [KaanAm] is directed to immediately pay, in good and sufficient funds, the amount of $96,698.34."

48.    KaanAm also had an obligation pursuant to Section 17.4 of the License Agreement to pay Radisson liquidated damages due to its breach.   The Notice of Termination advised KaanAm that "[p]ursuant to Section 17.4 of the License Agreement, upon termination of the License Agreement for Licensee's default, Radisson is entitled to payment of liquidated damages equal to '5% of daily Gross Room Revenue for the immediately preceding 12 months before the immediately preceding 12 months … multiplied by two', which is an amount equal to $122,107.18, as set forth on the attached statement of liquidated damages.   This amount must be paid to Radisson no later than January 19, 200[9]."

49.    Upon termination of the License Agreement, KaanAm also had an obligation pursuant to Section 19.1 (b) of the License Agreement to "[s]top using the Marks and the System, stop Operating the Hotel as a System Hotel, and stop representing the Hotel to the public or holding it out as a System Hotel or a former System Hotel. Licensee will accomplish this by, without limitation, removing, returning or destroying, as instructed by Radisson: (i) the Operating Manuals, any Confidential and Proprietary System Information, Marketing materials, labels, and all other printed materials

containing the Marks; (ii) all interior and exterior signs, OS&E, other printed materials containing the Marks; and (iii) anything else that might reasonably result in customers continuing to identify the Hotel as a System Hotel. Licensee will cover up anything bearing the Marks or otherwise identified as being associated with the System that cannot reasonably be removed on or before the expiration or termination date, until it can be removed."

### C.   KaanAm and Oza Have Failed to Pay Radisson the Amounts Owed Under the License Agreement and the Guaranty

50. By written notice dated March 11, 2009, Radisson demanded that KaanAm immediately make payment of all amounts owed to Radisson under the License Agreement ("Demand for Immediate Payment"). This Demand for Immediate Payment included as an attachment an account statement reflecting the amounts KaanAm owes to Radisson under the License Agreement ($185,357.67) and a statement reflecting the calculations supporting the amounts KaanAm owes to Radisson as liquidated damages ($122,107.18). The Demand for Immediate Payment directed KaanAm to immediately pay Radisson the sum of the two statements—$307,464.85. A true and correct copy of this Demand for Immediate Payment is attached hereto and incorporated by reference as Exhibit G.

51. To date, despite repeated demand, KaanAm and Oza have not paid Radisson any of the amounts remaining due under the License Agreement.

52. KaanAm and Oza remain indebted to Radisson in the amounts of (1) $185,357.67, as and for past due fees through the extended date of termination; and (2)

$122,107.18, as and for liquidated damages as a result of KaanAm's default and resulting premature termination of the License Agreement. In addition, KaanAm and Oza are required to pay to Radisson its reasonable and necessary costs and expenses, including attorneys' fees, incurred in enforcing any provisions of the License Agreement.

## COUNT I

### BREACH OF LICENSE AGREEMENT – FAILURE TO PAY FEES

53.    Radisson hereby incorporates by reference paragraphs 1 through 52 herein.

54.    Radisson has performed all conditions, covenants and promises required to be performed by it pursuant to the License Agreement, except those conditions, covenants and promises excused and/or waived by KaanAm.

55.    The License Agreement constitutes a lawful and binding contract.

56.    KaanAm is in breach of the License Agreement as a result of its failure to pay all fees due and owing under the Agreement.

57.    As a direct result of KaanAm's breach, KaanAm is liable to Radisson, jointly and severally, for royalties and other fees due under the License Agreement in an amount determined to be $185,357.67, plus costs, disbursements, interest, and attorneys' fees.

## COUNT II

### BREACH OF GUARANTY – FAILURE TO PAY FEES

58.    Radisson hereby incorporates by reference paragraphs 1 through 57 herein.

59.    Radisson has performed all conditions, covenants and promises required to be performed by it pursuant to the License Agreement, except those conditions, covenants and promises excused and/or waived by KaanAm.

60.    The License Agreement constitutes a lawful and binding contract.

61.    The Guaranty constitutes a lawful and binding contract.

62.    KaanAm is in breach of the License Agreement as a result of its failure to pay all fees due and owing under the Agreement.

63.    As a direct result of KaanAm's breach of the License Agreement, Oza is liable to Radisson under the Guaranty for royalties and other fees due under the License Agreement in an amount determined to be $185,357.67, plus costs, disbursements, interest, and attorneys' fees.

## COUNT III

### BREACH OF LICENSE AGREEMENT – FAILURE TO PAY LIQUIDATED DAMAGES

64.    Radisson hereby incorporates by reference paragraphs 1 through 63 herein.

65.    Radisson has performed all conditions, covenants and promises required to be performed by it pursuant to the License Agreement, except those conditions, covenants and promises excused and/or waived by KaanAm.

66.    The License Agreement constitutes a lawful and binding contract.

67.    The term of the License Agreement is for twenty (20) years from its effective date.   The License Agreement expires according to its terms on or about December 31, 2027.

68.     By virtue of KaanAm's default under and premature termination of the License Agreement, Radisson sustained a loss of future revenue over the remainder of the 20-year term of the License Agreement.

69.     Radisson has been damaged by KaanAm's breach of its obligation to operate a Radisson Hotel & Resorts® System Hotel for the remaining term of the License Agreement, in an amount contractually agreed to by the parties.

70.     Pursuant to Article 17.4 of the License Agreement, upon termination of the License Agreement due to licensee's fault, KaanAm agreed that the actual damages that Radisson would suffer for the loss of prospective fees and other amounts payable to Radisson would be difficult if not impossible to ascertain.  Thus, KaanAm agreed to pay Radisson as liquidated damages, and not as a penalty, a reasonable estimate of the probable damages that Radisson would suffer arising out of the premature termination of the License Agreement.

71.     As a direct result of KaanAm's breach, KaanAm is liable to Radisson, for liquidated damages for the premature termination of the License Agreement in an amount determined under Article 17.4 of the License Agreement to be $122,107.18, plus costs, disbursements, interest, and attorneys' fees.

## COUNT IV

### BREACH OF GUARANTY – FAILURE TO
### PAY LIQUIDATED DAMAGES

72.     Radisson hereby incorporates by reference paragraphs 1 through 71 herein.

16

73.     Radisson has performed all conditions, covenants and promises required to be performed by it pursuant to the License Agreement, except those conditions, covenants and promises excused and/or waived by KaanAm.

74.     The License Agreement constitutes a lawful and binding contract.

75.     The Guaranty constitutes a lawful and binding contract.

76.     The term of the License Agreement is for twenty (20) years from its effective date.   The License Agreement expires according to its terms on or about December 31, 2027.

77.     By virtue of KaanAm's default under and premature termination of the License Agreement, Radisson sustained a loss of future revenue over the remainder of the 20-year term of the License Agreement.

78.     Radisson has been damaged by KaanAm's breach of its obligation to operate a Radisson Hotel & Resorts® System Hotel for the remaining term of the License Agreement, in an amount contractually agreed to by the parties.

79.     Pursuant to the terms of the Guaranty and Article 17.4 of the License Agreement, upon termination of the License Agreement due to licensee's fault, KaanAm and Oza agreed that the actual damages that Radisson would suffer for the loss of prospective fees and other amounts payable to Radisson would be difficult if not impossible to ascertain.  Thus, KaanAm and Oza agreed to pay Radisson as liquidated damages, and not as a penalty, a reasonable estimate of the probable damages that Radisson would suffer arising out of the premature termination of the License Agreement.

80.     As a direct result of KaanAm's breach of the License Agreement, Oza is liable to Radisson under the Guaranty for liquidated damages for the premature termination of the License Agreement in an amount determined under Article 17.4 of the License Agreement to be $122,107.18, plus costs, disbursements, interest, and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Radisson Hotels International, Inc. prays for judgment against Defendants KaanAm Properties, Inc., and Milind K. Oza, jointly and severally, as follows:

A.     For an order ratifying and enforcing the termination of the License Agreement as of January 8, 2009—the effective date contained in the January 6, 2009, Notice of Termination;

B.     For an award against Defendants KaanAm Properties, Inc. and Milind K. Oza, jointly and severally, for actual and/or consequential damages arising from Defendants' premature termination of the License Agreement, including past Royalty Fees, Marketing Fees, Reservation Fees and other contractually required fees, plus accrued interest, in an amount to be proven at trial, but in no event less than $185,357.67;

C.     For an award against Defendants KaanAm Properties, Inc. and Milind K. Oza, jointly and severally, for liquidated damages arising from KaanAm Properties, Inc.'s breach of the License Agreement, as set forth at Article 17.4 of the License Agreement, in an amount to be proven at trial, but in no event less than $122,107.18;

D.    For an award against Defendants KaanAm Properties, Inc. and Milind K. Oza, jointly and severally, for Radisson's reasonable and necessary costs and expenses, including attorneys' fees, incurred in enforcing the provisions of the License Agreement, in an amount to be proven at trial;

E.    For an award against Defendants KaanAm Properties, Inc. and Milind K. Oza, jointly and severally, for prejudgment interest; and

F.    For such other and further relief as the Court deems just and proper.

Dated:  June 19, 2009.                    GRAY, PLANT, MOOTY,
                                              MOOTY & BENNETT, P.A.


                                          s/ Kirk W. Reilly_____
                                          Kirk W. Reilly (#153370)
                                          Craig P. Miller (#26961X)
                                          500 IDS Center
                                          80 South Eighth Street
                                          Minneapolis, MN  55402
                                          Telephone:  (612) 632-3305
                                          Facsimile:  (612) 632-4305
                                          Email:  kirk.reilly@gpmlaw.com
                                          Email:  craig.miller@gpmlaw.com

                                          ATTORNEYS FOR PLAINTIFF
                                          RADISSON HOTELS
                                          INTERNATIONAL, INC.

GP:2599655 v1

19