UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Radisson Hotels International, Inc., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>v<br><br>KaanAm, LLC, a New York limited liability company, and Milind K. Oza, an individual,<br><br>　　　　Defendants. | Civil File No. 09-CV-01575 (JMR/JJK)<br><br>**DEFENDANTS' JOINT AND SEPARATE ANSWER** |

　　KaanAm, LLC and Milind K. Oza, for their Answer to the Plaintiff's Complaint, allege as follows:

I.

　　These answering Defendants deny each and every allegation, claim, matter, and thing contained in the Plaintiff's Complaint except as hereinafter expressly admitted or otherwise answered.

II.

　　These answering Defendants are without sufficient information to either admit or deny the allegations contained within paragraphs 1 and 2 of the Plaintiff's Complaint.

III.

　　These answering Defendants admit the allegations contained within paragraphs 3, 4, 5, 6, 7, and 8 of the Plaintiff's Complaint.

IV.

　　These answering Defendants deny the allegations contained within paragraph 9 of the Plaintiff's Complaint.

V.

With respect to the allegations contained within paragraph 10 of the Plaintiff's Complaint, these answering Defendants admit that they have not paid the amount the Plaintiff alleges it is owed and that the Plaintiff terminated the October 22, 2007 License Agreement (the "Agreement"). These answering Defendants deny that they are in default of the Agreement.

VI.

These answering Defendants deny the allegations contained within paragraph 11 of the Plaintiff's Complaint. By way of further response to the Plaintiff's Complaint, these answering Defendants specifically allege that they do not owe the amount claimed by the Plaintiff and that the Agreement and October 22, 2007 Personal Guaranty of License Agreement's (the "Personal Guaranty") liquidated damages clauses are unenforceable and unconscionable.

VII.

With respect to paragraph 12 of the Plaintiff's Complaint, these answering Defendants admit that they have not paid the Plaintiff the amount it alleges it is owed and these answering Defendants specifically allege that they do not owe the Plaintiff the amount claimed.

VIII.

These answering Defendants admit the allegations contained within paragraph 13 of the Plaintiff's Complaint and assert that the Agreement and Personal Guaranty speak for themselves.

IX.

These answering Defendants admit the allegations contained within paragraphs 14, 15, 16, and 17 of the Plaintiff's Complaint.

X.

These answering Defendants are without sufficient information to either admit or deny the allegations contained within paragraphs 18, 19, 20, and 21 of the Plaintiff's Complaint.

XI.

With respect to the allegations contained within paragraphs 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, and 41 of the Plaintiff's Complaint, these answering Defendants state that the Agreement, Personal Guaranty, and November 5, 2008 First Amendment to License Agreement speak for themselves. By way of further response to the Plaintiff's Complaint, these answering Defendants specifically allege that the Agreement and Personal Guaranty's liquidated damages clauses are unenforceable and unconscionable.

XII.

With respect to the allegations contained within paragraph 42 of the Plaintiff's Complaint, these answering Defendants admit that the Plaintiff provided a notice of default but deny that they breached the Agreement.

XIII.

These answering Defendants admit the allegations contained within paragraphs 43 and 44 of the Plaintiff's Complaint.

XIV.

With respect to the allegations contained within paragraph 45 of the Plaintiff's Complaint, these answering Defendants admit that they have not paid the Plaintiff the amount it alleges it is owed and these answering Defendants specifically allege that they do not owe the Plaintiff the amount claimed.

XV.

With respect to the allegations contained within paragraphs 46, 47, 48, and 49 of the Plaintiff's Complaint, these answering Defendants admit that they have not paid the Plaintiff the amount it alleges it is owed and these answering Defendants specifically allege that they do not owe the Plaintiff the amount claimed and that the Agreement and Personal Guaranty's liquidated damages clauses are unenforceable and unconscionable.  By way of further response to the Plaintiff's Complaint, these answering Defendants state that the Agreement speaks for itself.

XVI.

With respect to the allegations contained within paragraph 50 of the Plaintiff's Complaint, these answering Defendants state that the March 11, 2009 correspondence speaks for itself.

XVII.

With respect to the allegations contained within paragraph 51 of the Plaintiff's Complaint, these answering Defendants specifically allege that they do not owe the Plaintiff the amount claimed.

XVIII.

These answering Defendants deny the allegations contained within paragraph 52 of the Plaintiff's Complaint.  By way of further response to the Plaintiff's Complaint, these answering Defendants specifically allege that the Agreement and Personal Guaranty's liquidated damages clauses are unenforceable and unconscionable.

XIX.

These answering Defendants deny the allegations contained within paragraphs 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, and 63 of the Plaintiff's Complaint and put the Plaintiff to its strict proof.

XX.

These answering Defendants deny the allegations contained within paragraphs 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, and 80 of the Plaintiff's Complaint and put the Plaintiff to its strict proof. By way of further response to the Plaintiff's Complaint, these answering Defendants specifically allege that the Agreement and Personal Guaranty's liquidated damages clauses are unenforceable and unconscionable.

XXI.

With respect to the Plaintiff's prayer for relief, these answering Defendants put the Plaintiff to its strict proof.

**AFFIRMATIVE DEFENSES**

XXII.

These answering Defendants affirmatively allege that the Plaintiff's Complaint fails to state a claim upon which relief can be granted.

XXIII.

These answering Defendants affirmatively allege that the Plaintiff's claims are barred by its own breaches of the relevant contracts.

XXIV.

These answering Defendants affirmatively allege that the relevant liquidation damages clauses are unenforceable and unconscionable.

XXV.

These answering Defendants affirmatively allege that the Plaintiff's claims are barred by waiver and/or estoppel.

XXVI.

These answering Defendants affirmatively allege that the Plaintiff has failed to mitigate its alleged damages.

XXVII.

These answering Defendants affirmatively allege that the Plaintiff's claims are barred by the doctrine of unclean hands.

**WHEREFORE**, Defendants KaanAm, LLC and Milind K. Oza pray that the Plaintiff take nothing by its cause of action, that the same be dismissed, with prejudice and on the merits, and that these Defendants have judgment against the Plaintiff for its costs, disbursements and any other relief the Court deems proper.

Dated: July 14, 2009                    Lind, Jensen, Sullivan & Peterson
                                        A Professional Association


                                        s/ Matthew S. Frantzen
                                        Brian A. Wood, I.D. No. 141690
                                        Matthew S. Frantzen, I.D. No. 332793
                                        Attorneys for Defendants
                                        150 South Fifth Street, Suite 1700
                                        Minneapolis, Minnesota  55402
                                        (612) 333-3637

**ACKNOWLEDGMENT**

The undersigned acknowledges that, pursuant to Minn. Stat. § 549.211, the Court may award, to any opposing party, costs, disbursements and reasonable attorneys' fees and witness fees if the party represented by the undersigned, or the undersigned, acts in bad faith, asserts a claim or defense that is frivolous and costly to the other party, asserts an unfounded position solely to delay the proceedings, or harasses or commits a fraud upon the Court.

s/ Matthew S. Frantzen<br>Matthew S. Frantzen