UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RADISSON HOTELS INTERNATIONAL,            Case No. 09-CV-1575 (PJS/JJK)
INC., a Delaware corporation,

                    Plaintiff,

v.                                                    ORDER

KAANAM, LLC, a New York limited
liability company, and MILIND K. OZA, an
individual,

                    Defendants.

Kirk W. Reilly and Jason J. Stover, GRAY, PLANT, MOOTY, MOOTY & BENNETT, P.A., for plaintiff.

Michael A. Weber, WEBER LAW GROUP, P.A., for defendants.

Plaintiff Radisson Hotels International, Inc. ("Radisson") brings this breach-of-contract action against a franchisee, defendant KaanAm, LLC, and the franchisee's owner and guarantor, defendant Milind K. Oza. Radisson seeks summary judgment that defendants must pay past-due franchise fees, liquidated damages for lost future revenue, and attorney's fees. For the reasons that follow, the Court grants summary judgment to Radisson on its claims against Oza. But because KaanAm filed for Chapter 11 bankruptcy protection after the hearing on Radisson's motion, the Court cannot grant summary judgment to Radisson on its claims against KaanAm.

I.  BACKGROUND

The essential facts are few and undisputed. Radisson is a franchisor whose franchisees operate hundreds of Radisson hotels around the world. KaanAm and Radisson entered into a 20-year license agreement in October 2007 under which KaanAm would operate a Radisson hotel in

Jamestown, New York.  Compl. Ex. A ("License Agmt.") [Docket No. 1].  Oza signed a personal

guarantee in which he agreed to be personally liable for KaanAm's payment obligations under

the license agreement.  Compl. Ex. B.  Both Oza and KaanAm were represented by counsel when

KaanAm executed the license agreement.  Reilly Aff. Ex. 3 at 2 (answer to Radisson's request

for admission 2) [Docket No. 38].

The Jamestown hotel began operating under the Radisson name in November 2007.

Reilly Aff. Ex. 3 at 1-2 (answer to Radisson's request for admission 1).  A year later, in

November 2008, Radisson notified Oza that KaanAm was in default under the license agreement

because almost $70,000 in license fees were overdue.  Compl. Ex. D.  When KaanAm did not

pay the overdue amount by the ten-day deadline established by the license agreement, Radisson

extended the deadline to December 31, 2008.  Compl. Ex. E.  KaanAm did not meet the extended

deadline, and on January 6, 2009, Radisson notified Oza that the license agreement was

terminated and directed him to stop using Radisson's name and marks in connection with the

hotel.  Compl. Ex. F.

In March 2009, Radisson again directed KaanAm and Oza to stop using Radisson's name

and marks in connection with the hotel.  Compl. Ex. G.  Radisson also asked them to pay

$307,464.85 by the end of March, representing $185,357.67 in past-due fees and $122,107.18 in

liquidated damages.  Neither KaanAm nor Oza paid Radisson the requested amounts, so

Radisson brought this suit.

## II.  DISCUSSION

### A.  Standard of Review and Governing Law

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A dispute over a fact is "material" only if its resolution might affect the outcome of the lawsuit under the substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute over a fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*  "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

The parties agree, and the Court does not doubt, that under the license agreement, New York law governs Radisson's claims.  License Agmt. ¶ 25.3 (choice-of-law clause selecting law of the state in which the hotel is located).

### A.  Radisson's Claims

#### 1.  Past-Due Fees

By Radisson's calculations, when it terminated the license agreement, KaanAm owed Radisson $185,357.67 in past-due fees under the agreement.  Compl. ¶ 50; Compl. Ex. G.  Oza admits that Radisson's calculations are correct.  Reilly Aff. Ex. 3 at 3 (answer to Radisson's request for admission 7).  Further, Oza admits that he personally guaranteed KaanAm's obligations under the agreement.  Reilly Aff. Ex. 3 at 4 (answer to Radisson's request for admission 9).  Nonetheless, Oza denies that he owes these past-due fees to Radisson.  He makes a miscellany of arguments ranging from the specious to the frivolous.

First, Oza argues that because the license agreement includes a liquidated-damages clause, Radisson can recover only liquidated damages, and not its past-due fees.  Defs. Opp. Pl. Mot. S.J. ("Def. SJ Opp.") at 5-7 [Docket No. 41].  (Oza separately argues that Radisson cannot recover liquidated damages, an argument that the Court rejects below.)  Oza contends, in effect, that Radisson would receive an impermissible double recovery if it were awarded both past-due fees and liquidated damages.  To support this contention, Oza quotes *U.S. Fidelity & Guaranty Co. v. Braspetro Oil Services Co.*, which held that liquidated damages are forbidden when "the contract provides for the full recovery of actual damages, because liquidated and actual damages are mutually exclusive remedies under New York law."  369 F.3d 34, 71 (2d Cir. 2004).

What Oza ignores, however, is that the license agreement's liquidated-damages provision is a substitute for Radisson's actual damages in the *future*, not for its actual damages in the *past*. To borrow *U.S. Fidelity & Guaranty*'s language, the license agreement does not "provide for the *full* recovery of actual damages"; it provides for the *partial* recovery of actual damages and a supplemental recovery of liquidated damages.  Thus, in collecting both (1) fees that were due in the past and (2) liquidated damages as a substitute for fees that would have been due in the future, Radisson does not receive a double recovery.  Rather, Radisson receives one part of its actual damages (past-due fees) and a substitute for the other part of its actual damages (liquidated damages).  "There is no reason why parties competent to contract may not agree that certain elements of damage difficult to estimate shall be covered by a provision for liquidated damages and that other elements shall be ascertained in the usual manner."  *J. E. Hathaway & Co. v. United States*, 249 U.S. 460, 464 (1919); *see also Creative Waste Mgmt., Inc. v. Capitol Envtl. Servs., Inc.*, 495 F. Supp. 2d 353, 359 (S.D.N.Y. 2007) ("[T]he award of liquidated damages will

not preclude the recovery of actual damages when the former does not subsume the latter."); *Wechsler v. Hunt Health Sys., Ltd.*, 330 F. Supp. 2d 383, 426 (S.D.N.Y. 2004) (citing *J.E. Hathaway & Co.*); *Town of N. Hempstead v. Sea Crest Constr. Corp.*, 501 N.Y.S.2d 156, 158 (N.Y. App. Div. 1986) (allowing plaintiff to proceed with claims for both liquidated and actual damages for different types of harms).

Second, Oza argues that Radisson has failed to establish, based on the undisputed facts, that KaanAm breached the license agreement. But Oza does not deny that KaanAm failed to pay tens of thousands of dollars in license fees that it owed under the license agreement — a failure that is undisputably a material breach of the agreement. Instead, Oza says (without citing any legal authority) that "because [Radisson] breached the Agreement first, Defendants would be excused from their obligations under the Agreement." Def. SJ Opp. at 10. Oza is mistaken.

If Radisson materially breached the license agreement and failed to cure the breach — which, for argument's sake, the Court will assume Radisson did — KaanAm could have terminated the agreement and sued for breach. But KaanAm did not terminate the agreement. Indeed, KaanAm did not even notify Radisson of the alleged breach as required by ¶ 18.1 of the license agreement, which provides: "[KaanAm] has the right to terminate this Agreement by notice to Radisson if Radisson fails to perform any of Radisson's material obligations contained in this Agreement, and such failure continues for a period of 30 days after notice to Radisson setting out the failure in reasonable detail." License Agmt. ¶ 18.1.

Instead, KaanAm continued to operate as a Radisson hotel — and continued to enjoy the benefits of the license agreement — until Radisson later terminated that agreement. It is black-letter contract law that when a nonbreaching party responds to the other party's breach by

choosing to keep the contract in force, "the nonbreaching party, by electing to continue receiving benefits pursuant to the agreement, cannot then refuse to perform his or her part of the bargain." Richard A. Lord, 13 *Williston on Contracts* § 39:32 (4th ed. 2010).[1]  KaanAm operated its hotel as a Radisson hotel until Radisson terminated the license agreement, and Oza (KaanAm's guarantor) must now pay for KaanAm's having done so.

Third, Oza argues that Radisson has not sufficiently proved that it suffered actual damages.  Oza is wrong.  The license agreement obligated KaanAm to make certain payments to Radisson, KaanAm missed those payments, and KaanAm admits that Radisson properly calculated the amount of the missed payments.  Such missed payments are the quintessence of actual damages.

Finally, Oza makes two frivolous one-sentence arguments, neither of which is supported by citation to any authority.  First, Oza says that Radisson "has not demonstrated sufficient efforts to mitigate damages."  Def. SJ Opp. at 10.  But it is Oza who must produce evidence of Radisson's *failure* to mitigate; Radisson has no burden to prove that it *did* mitigate.  *See Air et Chaleur, S.A. v. Janeway*, 757 F.2d 489, 494 (2d Cir. 1985) ("[D]efendant bore the burden of introducing evidence to prove that plaintiffs could have lessened their damages.").

---

[1] *See also ARP Films, Inc. v. Marvel Entm't Grp., Inc.*, 952 F.2d 643, 649 (2d Cir. 1991) (holding that when one party affirmed contract by continuing to accept benefits under the contract after the other party's repudiation, the affirming party was required to "perform its end of the bargain"); *Nat'l Westminster Bank USA v. Ross*, 130 B.R. 656, 675 (S.D.N.Y. 1991) ("It is well-established that where a party to an agreement has actual knowledge of another party's breach and continues to perform under and accepts the benefits of the contract, such continuing performance constitutes a waiver of the breach.  It is equally well-settled that a party to an agreement who believes it has been breached may elect to continue to perform the agreement rather than terminate it, and later sue for breach; this is true, however, only where notice of the breach has been given to the other side." (citations omitted)).

Second, Oza complains that "any damages that [Radisson] may have incurred (including loss of future revenues) occurred after [Radisson] chose to terminate the License Agreement." Def. SJ Opp. at 10. For one thing, this is false: Radisson terminated the license agreement because KaanAm was overdue in paying tens of thousands of dollars in license fees. For another thing, this is irrelevant: Radisson rightfully terminated the license agreement because of KaanAm's material breach. In terminating the agreement, Radisson did not (as Oza seems to think) give up its right to collect damages for KaanAm's breach.

## 2.   Liquidated Damages

Paragraph 17.4 of the license agreement provides that if Radisson terminates the license agreement with cause, KaanAm "will pay to Radisson as liquidated damages, and not as a penalty, a reasonable estimate of the probable damages that Radisson would suffer for the loss of prospective fees and other amounts payable . . . ." License Agmt. ¶ 17.4. Under the license agreement, liquidated damages are determined pursuant to a formula that takes into account whether and for how long the franchisee operated as a Radisson hotel before termination. Because KaanAm had been operating as a Radisson hotel for more than a year when Radisson terminated the agreement, KaanAm was obligated to pay "5% of daily Gross Room Revenue for the immediately preceding 12 months multiplied by two" — or, in effect, two years' worth of royalty fees. License Agmt. ¶¶ 5.2 (setting ordinary royalty fee at "5% of daily Gross Room Revenue"), 17.4.

Based on the formula in ¶ 17.4, Radisson calculates that KaanAm owes $122,107.18 in liquidated damages. Oza does not dispute Radisson's calculations. Instead, he argues that under

New York law, the liquidated-damages clause is an unenforceable penalty.  Def. SJ. Opp. at 7-9.

Oza is again incorrect.

Under New York law, a contractual liquidated-damages provision is enforceable if:

(1) the amount of actual loss is difficult or impossible to estimate precisely; and (2) the liquidated

damages are reasonably proportionate to the probable actual loss.  *See, e.g.*, *Truck Rent-A-*

*Center, Inc. v. Puritan Farms 2nd, Inc.*, 41 N.Y.2d 420, 425 (N.Y. 1977) ("A contractual

provision fixing damages in the event of breach will be sustained if the amount liquidated bears a

reasonable proportion to the probable loss and the amount of actual loss is incapable or difficult

of precise estimation."); *see also JMD Holding Corp. v. Cong. Fin. Corp.*, 4 N.Y.3d 373, 380

(N.Y. 2005) (quoting *Truck Rent-A-Center*).  Both conditions are met in this case.

First, liquidated damages under ¶ 17.4 are intended to compensate Radisson for losses it

will sustain in the future, after a licensee's breach.  Because Radisson cannot foretell the future,

its future losses cannot be estimated with certainty.  Second, the amount of liquidated damages is

reasonably proportionate to Radisson's probable actual loss.  A Radisson executive asserts in an

affidavit that "it routinely takes upwards of two to four years or more for Radisson to recruit,

identify, evaluate, approve, and train a qualified Radisson hotel franchisee to replace a terminated

franchisee."  Rana Aff. ¶ 12 [Docket No. 39].  The executive also asserts that when one

franchisee replaces another, "it typically takes an additional period of time for that franchisee to

reach the level of profitability achieved by the former franchisee."  *Id.* ¶ 14.  Further, the license

agreement had a 20-year term, and Radisson terminated it a little over one year into that term.

Finally, Oza — who has a law degree, Reilly Aff. Ex. 1 — actively negotiated the liquidated-

damages provision and proposed the very formula that he now objects to.  Rana Aff. ¶¶ 15-17; *id.*

Ex. 1 at 15.  Under these circumstances, Radisson has established that the license agreement's liquidated-damages provision is not a penalty and is enforceable.[2]

### 3.  Attorney's Fees and Costs

Under ¶ 25.13 of the license agreement, KaanAm and Radisson agreed that, if they were to become involved in litigation over their obligations under the agreement, the prevailing party would pay "[a]ll reasonable and necessary costs and expenses, including attorneys' fees, incurred . . . in enforcing" the agreement.  License Agmt. ¶ 25.13.  In its summary-judgment brief, Radisson cites this provision in a footnote and asks for leave, if the Court grants its summary-judgment motion, "to submit an affidavit of counsel demonstrating the amount of fees and costs [Radisson] has incurred in this matter."  Mem. Supp. Pl. Mot. S.J. at 7 n.1 [Docket No. 37].

Oza says nothing about attorney's fees in his memorandum opposing Radisson's summary-judgment motion.  The Court finds that Radissson is a prevailing party and, in the absence of any argument to the contrary, the Court further finds that ¶ 25.13 of the license agreement is unambiguous and enforceable.  Accordingly, Oza — as KaanAm's guarantor — must pay Radisson's "reasonable and necessary" attorney's fees and costs in this litigation.

---

[2]*Cf., e.g., Ramada Franchise Sys., Inc. v. Cusack Dev., Inc.*, No. 96 Civ. 8085, 1999 U.S. Dist. LEXIS 7422, at *21-22, 1999 WL 165702, at *8 (S.D.N.Y. Mar. 24, 1999) (holding, in hotel-franchise case, that liquidated-damages clause based on two years of franchise payments is enforceable and is not a penalty); *Travelodge Hotels, Inc. v. Kim Shin Hospitality, Inc.*, 27 F. Supp. 2d 1377, 1383 (M.D. Fla. 1998) (holding, in hotel-franchise case, that liquidated-damages clause "based on five years worth of franchise payments is not unreasonable considering the License Agreement's unexpired term of eighteen years").

Local Rule 54.3 governs motions for attorney's fees such as Radisson's.  Under Local Rule 54.3(b)(2), a party may file a "notice of intent to claim an award of attorney's fees" within 14 days after the entry of judgment, and ordinarily the Court then issues a briefing schedule.

The Court treats the footnote in Radisson's summary-judgment brief as its "notice of intent to claim an award of attorney's fees" under Local Rule 54.3(b)(2) and establishes in this order a post-judgment briefing schedule with respect to that claim.  Because the Court can address Radisson's claim for attorneys' fees and costs after the entry of judgment, and because the Court finds under Fed. R. Civ. P. 54(b) that there is no just reason to delay the entry of judgment with respect to Oza, the Court will immediately enter judgment on Radisson's claims against Oza.

## ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.      The motion of plaintiff Radisson Hotels International, Inc. for summary judgment [Docket No. 35] is GRANTED IN PART with respect to its claims against defendant Milind K. Oza.  There being no just reason for delay, the Court directs entry of final judgment in favor of Radisson Hotels International, Inc. and against Milind K. Oza for:

   i.      $185,357.67 in past-due license fees;

   ii.     $122,107.18 in liquidated damages; and

   iii.    an amount to be determined for attorney's fees and costs.

LET JUDGMENT BE ENTERED ACCORDINGLY.

2.      The motion of plaintiff Radisson Hotels International, Inc. for summary judgment

[Docket No. 35] with respect to defendant KaanAm, LLC is DENIED WITHOUT

PREJUDICE.  That motion may be renewed after the stay arising from KaanAm's

bankruptcy case is lifted.

3.      With respect to Radisson's attorney's fees and costs, the Court sets the following

deadlines:

a.      Radisson must serve and file a memorandum of no more than 4,000 words

supporting its request for attorney's fees and costs, together with

appropriate documentation, by January 27, 2011.

b.      Oza may serve and file a response of no more than 4,000 words by

February 5, 2011.

c.      Unless the Court orders otherwise, Radisson will not be permitted to file a

reply.

Dated:  January  12 , 2011                      s/Patrick J. Schiltz_____
                                                Patrick J. Schiltz
                                                United States District Judge

-11-